**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-262 PPS |
| | ) | |
| | ) | |
| JUPITER ALUMINUM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Jupiter Aluminum Corp.'s Motion to Post Bond or

Establish Escrow in Lieu of Making Stipulated Penalty Payment. [DE 119.] In this motion,

Jupiter asks the Court to allow it to post bond or establish an escrow instead of making stipulated

penalty payments that it claims are in dispute. For the following reasons, Jupiter's motion is

**DENIED**. [DE 119.]

I start with the relevant factual and procedural background. Plaintiffs United States of

America, City of Hammond, and Indiana Department of Environmental Management (together

referred to as "the Government") brought this action against Jupiter for violating the Clean Air

Act. The parties quickly entered a Consent Decree, which I approved in 2007. But over the next

few months after entry of the Consent Decree, Jupiter racked up $3,365,000 in stipulated

penalties for Consent Decree violations. As a result, Jupiter filed a motion to modify the

Consent Decree and abate the penalties [DE 21] and a motion for a preliminary injunction to

prevent accrual of future penalties [DE 57]. After a lengthy evidentiary hearing held in May

2009, I denied both motions and found that Jupiter was required to pay the stipulated penalties

for violating the Consent Decree.  [DE 59, 102]  Months later, the parties entered into a Stipulated and Agreed Order ("Agreed Order") [DE 105], laying out a payment plan for these stipulated penalties.  This Agreed Order, formally entered by the Court about four months ago, requires Jupiter to pay the Government $480,714.29 plus interest every six months until the balance is satisfied.  [*Id.* ¶ 7.]

After agreeing to the stipulated payment schedule, Jupiter did an immediate about-face by again moving to modify the Consent Decree ("Renewed Motion") [DE 113].  In particular, Jupiter argues it should not have to pay *any* stipulated penalties because factual assumptions underlying the Consent Decree are false.  In the Renewed Motion, Jupiter claims its "new understanding" of the evidence demonstrates that Jupiter has actually been in compliance with federal regulations since 2004.  Thus, certain provisions of the Consent Decree must be modified or eliminated and forcing it to pay penalties that threaten Jupiter's continued viability is unjust.  Jupiter then filed this motion requesting that, pending resolution of the issues presented in the Renewed Motion,[1] I allow Jupiter to pay its stipulated penalty payments into a bond or establish an escrow in lieu of making the scheduled stipulated payment.  [DE 119.]

Not surprisingly, the Government objects.  It argues Jupiter's motion is contrary to both my Order requiring Jupiter to pay the stipulated penalties [DE 59], and the Agreed Order setting forth a schedule for payment of the penalties [DE 105].  [DE 120.]  The Government also asserts that Jupiter's financial condition has not changed since it signed the Agreed Order.  And allowing Jupiter to avoid making its payment would negate the deterrent effect of the stipulated

---

[1]  A hearing on Jupiter's Renewed Motion to Modify Consent Decree is set for July 29, 2010.

penalties, which the Government claims is a necessary tool to encourage compliance with the Consent Decree and federal regulations. Furthermore, in its response to Jupiter's Renewed Motion, the Government argues that no evidence supports Jupiter's claim that it has fully complied with federal clean air regulations since 2004. [DE 115.]

Although Jupiter does not provide the procedural basis for its motion, I assume it proceeds under Federal Rule of Civil Procedure 67. Rule 67 states that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money," the court may allow a party to "deposit with the court all or part of the money." Fed. R. Civ. P. 67(a). The purpose of Rule 67 is to "relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership." *Engineered Med. Sys, Inc. v. Despotis, M.D.*, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006); *LTV Corp. v. Gulf States Steel, Inc. of Alabama*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (Rule 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute"). District courts have broad discretion to allow such a deposit, so long as the money is truly in dispute. *Engineered Medical*, 2006 WL 1005024, at *2-3. In deciding whether to grant a motion under Rule 67, federal courts may look to, among other things, whether the party seeking leave to deposit the fund has demonstrated a likelihood of success on the merits. *Kansas City Southern Ry. Co. v. Borrowman*, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30, 2009); *see Gulf States Util.'s Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 n.11 (5th Cir. 1987) (noting that Rule 67 does not require a moving party to show likelihood of success but a court may consider the merits in exercising its discretion) *modified on other grounds*, 831 F.2d 557 (5th Cir. 1987).

I am not persuaded that Jupiter should be allowed to pay the stipulated penalties to the clerk of court. The parties have already litigated the validity of these penalties; Jupiter had the chance to challenge payment under the Consent Decree, and I denied its motion. Moreover, Jupiter has not shown it will succeed on the merits in its Renewed Motion – its bare allegations of a "January 2010 test" and a purported "new understanding" of the facts are insufficient to show that modification or termination of the Consent Decree is necessary. While Jupiter may eventually succeed on the merits, the current record before the Court is simply not enough.

More importantly, although I'm giving Jupiter another bite at the apple in its Renewed Motion by offering yet another hearing on the issue, this does not change the fact that Jupiter agreed to pay these penalties both in the Consent Decree and again in the Agreed Order, signed just a few months ago. Indeed, Jupiter has not shown that its financial situation has changed since it agreed to the payment plan set forth in the Agreed Order. While I am sympathetic to Jupiter's position, and believe that the Government's uncompromising position throughout this ordeal has been a bit heavy-handed, a deal is a deal. Jupiter must pay the stipulated penalties as laid out in the Agreed Order.

Therefore, Jupiter's Motion to Post Bond or Establish Escrow in Lieu of Making Stipulated Penalty Payments is **DENIED**. [DE 119.]

> **SO ORDERED.**

Entered: May 10, 2010.

> s/ Philip P. Simon
> PHILIP P. SIMON, CHIEF JUDGE
> UNITED STATES DISTRICT COURT