UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 2:07CV262 PPS |
| v. ) | |
| ) | Chief Judge Simon |
| JUPITER ALUMINUM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT
## AND AGREED ORDER

The United States, on behalf of the U.S. Environmental Protection Agency, the State of Indiana, on behalf of the Indiana Department of Environmental Management, and the City of Hammond, Indiana, on behalf of the Hammond Department of Environmental Management (collectively "Plaintiffs"), and Defendant Jupiter Aluminum Corporation ("Defendant" or "Jupiter") (referred to collectively as the "Parties") enter into this Settlement Agreement and Agreed Order ("Agreement") to document the resolution of certain demands for stipulated penalties under the Consent Decree, Jupiter's Renewed Motion to Modify, and other disputed issues that have arisen among the Parties.  Relevant background information and the specific terms of the Agreement are set forth below.

### Background

1.    The United States, the State of Indiana, the City of Hammond, and Jupiter entered into a Consent Decree that sets forth certain requirements regarding the operation of Jupiter's secondary aluminum production facility in Hammond, Indiana.  On October 10, 2007, the Court entered the Consent Decree in this case.

2. Section VIII of the Consent Decree sets forth stipulated penalties for violations of the terms of the Consent Decree and directs the calculation, timing and method of payment of any penalties demanded by the United States.

3. The United States made a demand for certain stipulated penalties on January 23, 2009, which was later revised in a letter dated September 15, 2009 (hereinafter "Second Demand"). On February 1, 2010, the United States made a further demand for certain stipulated penalties (hereinafter "Third Demand"). Jupiter initiated dispute resolution for both the Second and Third Demands, but the Parties have not completed the dispute resolution process for either.

4. Subsequent to the Court's Orders of February 18, 2009 and September 14, 2009, denying Defendant's Motion to Modify Consent Decree, pursuant to the Consent Decree Jupiter installed additional capture and collection systems consistent with the Plan approved by Plaintiffs to implement Appendix A to the Consent Decree. The application of certain terms of the Consent Decree has been discussed by the Parties in light of Defendant's implementation of Appendix A.

5. Jupiter filed a Renewed Motion to Modify Consent Decree on March 18, 2010. (Doc. 113). On April 30, 2010, the Court set a discovery schedule and a hearing on the issues raised in Jupiter's Renewed Motion to Modify. (Doc. 121). The Court granted a stay of discovery and postponed the hearing to allow the Parties an opportunity to conduct settlement negotiations. (Doc. 130). This Agreement is the result of those negotiations.

6. The Parties intend to meet on a regular basis to identify and discuss operational issues that may eliminate the need for further litigation.

Resolution of Stipulated Penalty Demands

7.  In exchange for resolving the Second and Third Demands without further resort to dispute resolution or litigation, Jupiter shall pay the stipulated penalty of $664,000.  For the convenience of Defendant, it may elect to either pay the entire amount on the first payment date described in subparagraph a. below, or make the payment on November 13, 2012, plus interest, as follows:

a.  Any payment made within 30 days of entry of this Agreement or November 13, 2010, whichever is latest, shall constitute principal only.

b.  Any subsequent installment shall include an additional sum for all accrued interest on the remaining principal amount at the rate specified in 28 U.S.C. § 1961, calculated from the date of entry of this Agreement through the date of the installment payment.

c.  Jupiter may accelerate all or part of the November 13, 2012 payment, and interest due on the accelerated payments shall be reduced accordingly.

8.  The division of payments between the United States and the Hammond Department of Environmental Management and the concomitant notification requirements are set forth in Section VIII, Paragraph 37 and Section XIV of the Consent Decree.

9.  Payments to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Jupiter by the Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of Indiana.

10.  Defendant shall not deduct any payments made under this Agreement in calculating its federal, state and/or local income tax.

11.     If Jupiter's business is sold, liquidated or transferred prior to the final payment, the entire remaining balance is immediately due and payable.

12.     The United States consulted with Hammond Department of Environmental Management regarding the resolution of the Second and Third Demands.

13.     Nothing in this Agreement shall alter Jupiter's obligations under the Stipulated and Agreed Order entered by the Court on January 5, 2010.  (Doc. 105).

Decree Interpretation Issues

14.     Jupiter alleges that certain terms of the Consent Decree were made superfluous by Defendant's completion of modifications to the capture and collection system for furnace 2 and furnace 6 pursuant to the approved Plan to implement Appendix A of the Decree.  As a negotiated resolution of Jupiter's position and to clarify the proper application of the Consent Decree so as to avoid further litigation, the Parties agree to the following interpretations:

a.      <u>Section VIII, Paragraph 26</u>:  Visible Emissions escaping from the hood, charge well, dross door, or furnace door of Furnaces 2 and 6 and their associated capture and collection systems are no longer subject to Section VIII, Paragraph 26.

b.      <u>Section V, Article One, Parts E and F</u>:  Visible Emissions escaping from the hood, charge well, dross door, or furnace door of Furnaces 2 and 6 and their associated capture and collection systems continue to require Jupiter to comply with Parts E and F except for the procedures set forth in Section V, Article One, Part E, steps 1, 4.a through 4.d, and 5. Failure to submit a root cause analysis report within the time frame specified in Part E, step 3 or the submission of a report not containing the information specified in Part F remains subject to stipulated penalties under Section VIII.

15. Jupiter installed a system for continuous lime injection to the fabric filter baghouses controlling Furnaces 2 and 6 pursuant to its approved Plan to implement the requirements of Appendix A. To resolve disagreement over applicable operation and monitoring requirements, the Parties agree that, as of the date of the Court's approval of this Agreement, the continuous lime injection system shall be subject to, and must comply with, all requirements for such a system used to control emissions from a group 1 furnace as set forth in 40 C.F.R. Part 63, Subpart RRR ("Subpart RRR"), including the following:

    a. Jupiter shall include in its Operation, Monitoring and Maintenance ("OM&M") Plan the method it will use for insuring the free flow of lime to the continuous lime injection system in compliance with 40 C.F.R. § 63.1510(i)(1); and

    b. Jupiter shall include in its OM&M Plan the maximum inlet temperature for each fabric filter as established during its next performance test, in compliance with 40 C.F.R. § 63.1506(m)(3).

16. If the Court determines at any time that the agreed interpretation of the Consent Decree set forth in Paragraphs 14 and 15 is, in fact, a modification of the Consent Decree, the Parties hereby agree to such modification as a non-material modification pursuant to Section XVII of the Consent Decree. Other than Paragraphs 14 and 15, nothing in this Agreement modifies, amends, interprets or alters the terms of the Consent Decree.

### Withdrawal of Jupiter's Renewed Motion to Modify

17. Jupiter hereby withdraws its Renewed Motion to Modify Consent Decree (Doc. 113) with prejudice, effective upon approval of this Agreement by the Court.

General Terms

18. Nothing in this Agreement shall be construed as diminishing Defendant's responsibility to achieve and maintain compliance with the requirements of Subpart RRR.

19. This Agreement constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied herein.  No other document other than the Consent Decree, nor any representation, inducement, agreement, understanding, or promise, constitute any part of this Agreement or the settlement it represents, nor shall it be used in construing the terms of this Agreement.

20. Each undersigned representative of the Parties to this Agreement certifies that the representative is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind to this document the Party represented.

21. Upon approval and entry of this Agreement by the Court, this Agreement shall constitute a final judgment of the Court as to the United States, the State of Indiana, the City of Hammond and Jupiter.  The Court finds that there is no just reason for delay and therefore enters this Agreement as a final judgment under Fed. R. Civ. P. 54 and 58.

**IT IS SO STIPULATED AND AGREED.**

Signature Page for the Settlement Agreement and Agreed Order resolving various disputes in the matter of <u>United States, et al. v. Jupiter Aluminum Corporation</u>, Civil Action No. 07CV262PS (N.D. Ind.).

            FOR THE UNITED STATES OF AMERICA

Date: August 27, 2010     *s/Ignacia S. Moreno*
               IGNACIA S. MORENO
               Assistant Attorney General
               Environmental and Natural Resources Division


               *s/Michael J. Zoeller*
               MICHAEL J. ZOELLER
               Trial Attorney
               Environmental Enforcement Section
               Environment and Natural Resources Division
               U.S. Department of Justice
               Ben Franklin Station, PO Box 7611
               Washington, DC  20044-7611
               Tel: (202) 305-1478

               DAVID CAPP
               United States Attorney
               Northern District of Indiana


               *s/Wayne T. Ault*
               WAYNE T. AULT
OF COUNSEL:        Assistant United States Attorney
CATHLEEN R. MARTWICK   5400 Federal Plaza, Suite 1500
PADMAVATI G. BENDING    Hammond, Indiana  46320
Associate Regional Counsel
U.S. EPA - Region 5
77 West Jackson Blvd.
Chicago, IL 60604

Signature Page for the Settlement Agreement and Agreed Order resolving various disputes in the matter of United States, et al. v. Jupiter Aluminum Corporation, Civil Action No. 07CV262PS (N.D. Ind.).

                                FOR THE STATE OF INDIANA

                                GREGORY F. ZOELLER
                                Indiana Attorney General


Date: August 30, 2010                  s/Valerie Tachtiris
                                VALERIE TACHTIRIS
                                Deputy Attorney General
                                Office of the Indiana Attorney General
                                Indiana Government Center South, 5th Floor
                                302 West Washington Street
                                Indianapolis, Indiana  46204
                                (317) 232-6290

Signature Page for the Settlement Agreement and Agreed Order resolving various disputes in the matter of <u>United States, et al. v. Jupiter Aluminum Corporation</u>, Civil Action No. 07CV262PS (N.D. Ind.).

                               FOR THE CITY OF HAMMOND

                               THOMAS M. McDERMOTT, JR.
                               Mayor, City of Hammond, Indiana


Date: <u>July 13, 2010</u>         <u>s/Kristina Kantar</u>
                               KRISTINA KANTAR
                               City Attorney
                               5925 Calumet Avenue
                               Hammond, Indiana 46320
                               (219) 853-6381

Signature Page for the Settlement Agreement and Agreed Order resolving various disputes in the matter of United States, et al. v. Jupiter Aluminum Corporation, Civil Action No. 07CV262PS (N.D. Ind.).

                                              FOR DEFENDANT JUPITER ALUMINUM CORP.


Date: July 13, 2010                s/Robert M. Olian
                                        ROBERT M. OLIAN
                                        Counsel for Jupiter Aluminum Corp.
                                        Sidley & Austin LLP
                                        One South Dearborn Street
                                        Chicago, IL  60603

**SO ORDERED.**

ENTERED: September 14, 2010

/s Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
United States District Court
